UNITED STATES BANKRUPTCY COURT
LONDON DIVISION

IN RE: Hunter Blane Martin
      Marie Jayme-Martin                    Case No. 18-60270
      Debtors

## **DEFENDANTS' HEARING BRIEF**

Come now Hunter Blane Martin and Maria Lelita Jayme Martin, the Chapter 7 Debtors in this matter and for their Hearing Brief submitted in compliance with this Court's scheduling Order entered August 7 2018, hereby submits the following:

### FACTUAL BACKGROUND

In September of 2010, after the failure of a prior business enterprise, Blane and Maria Martin, purchased a medical supply business known as Alliance Home Care from Heidi Weatherly. As is set forth in the affidavit of the debtors previously filed, no normal documents used in the transfer of a business were prepared. Instead, Attorney Tommie Weatherly, husband of Heidi Weatherly, and family friend of the debtors, met with Blane and Maria Martin and requested that the Debtors sign an agreed judgment and entry of appearance in a case which, had apparently been filed either that same day or soon thereafter, in the Laurel Circuit Court. The debtors were not represented by an attorney in their negotiations with Tommie or Heidi Weatherly. According to their affidavit previously filed, they believed that Tommie Weatherly was acting as both of their attorney. The agreed judgment provided that if certain installments were made, that no execution would be made on that Judgment. Heidi Weatherly took no action on this judgment until

on or about January 2018 when she caused execution to be attempted against the personal assets of the debtors. That execution has previously filed with the Court.

The movant alleges that the debtors have insignificant debts except the debt owed to Heidi Weatherly. In fact, Blane and Maria, in addition to the debt allegedly owed to Heidi Weatherly, owe approximately $262,497.00 as of April 26, 2018 with accrual amount of $94,178.75, as is set forth in the proof of claim of Bank of New York filed in this matter. Further, as testified to at the 341 hearing, he and his wife currently are indebted to the Commonwealth of Kentucky for unpaid taxes in the approximate sum of $34,000.00. (341 hearing 13:37).

The movant alleges that the Debtors have failed to disclose their income. There is no complaint that the Debtor, Maria Martin failed to fully and adequately disclose her income as an apprentice real estate appraiser. On their Petition, Blane Martin disclosed that at the time of the filing of the petition, he had not received a paycheck from the roofing company he had just began working for doing appraisals. Unfortunately, this job was only short term when the owner of that business relocated to Mississippi. (341 hearing 14:51). A major portion of the movants motion involves a misstatement that he was working as a "furniture salesman" for his stepfather who made handmade custom furniture. (341 hearing 6:49). According to the affidavits of the debtors previously filed in this matter, several years prior to this bankruptcy filing, Blane Martin did introduce a few customers, some of which, purchased custom furniture from his stepfather. Further, according to the affidavit of Blane Martin (previously filed), he has not sold or received any compensation for furniture sales for several years prior to his filing of this Chapter 7 bankruptcy. That affidavit further states

that he is not currently owed any money by his stepfather or his mother and that neither of the debtors' parents are holding any funds owed to them.

The movant complains that the mother and stepfather are holding money for the debtors which was not disclosed on the petition. A review of the tape of the 341 (22:35) hearing however, reveals that Mr. Martin explained his testimony to clarify that the resource he was referring to was, that if he was able to come to an agreement with the Bank of New York on the current mortgage arrearage, his mother would attempt to assist them financially in resuming their monthly payments. Further, that no funds were being held for services performed by either Maria or Blane Martin but, merely as a gift to her son and daughter-in-law.  After being asked about possible money held for Blane Martin by his mother and stepfather, (341 22:46), Mr. Martin explained that this was not money owed to him, but instead, a statement made by his mother that she would try to help him catching up on his.  Blane Martin is the only child of Marsha Smith, Further, the two children of Blane and Maria Martin are the only grandchildren of both Marsha Smith and the parents of Maria Martin. A review of the checking records of the debtors, including the records of Blaze Valley Corporation, reveal deposits made in excess of Maria's income. According to the affidavit of Marsha Smith, previously filed with the Court, these deposits are the result of gifts made to her only child from both her and Maria Martin's parents.

## LEGAL STANDARD FOR DISMISSAL FOR BAD FAITH

Admittedly, a court may dismiss a Chapter 7 filing under 11 USC 707(a). Under the holding of *In re Zick*, 931 F.2d 1124, 1129 (6th Cir. 1991) it was held that "dismissal based on lack of good faith must be undertaken on an *ad hoc* basis. *In re Brown,* 88 B.R.

at 284. It should be confined carefully and is generally utilized only in those <u>egregious</u> cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence."

The movant in this matter has previously obtained from the court an extension to file a complaint seeking to prevent the discharge of the debtors. Significant documents have been provided in discovery to both the office of the US Trustee and counsel for Heidi Weatherly. This motion to dismiss should be overruled. Should the movant choose, a 2004 examination of the debtors should be held and if the result of that examination reveals bad faith on the part of the debtors, then the movant can proceed accordingly. As stated above, there is no showing or allegation that Maria Martin has misstated her income and any dismissal of her petition would certainly be inappropriate.

## CONCLUSION

This is not a case where the debtors are accused of living an extravagant lifestyle. Even assuming that the court accepts the movants argument that Blane Martin had income not reported as a result of selling furniture for his father-in-law, Mr. Martin testified that he only received income of "a few hundred dollars" from furniture sales (341 13:01) and had no other income. Mr. Martin has fully explained this relationship in detail in his affidavit previously filed. The petition with accompanying schedules filed by the Debtors herein are accurate and did disclose their income.

THEREFORE, The Debtors respectfully pray that the Motion to Dismiss filed by the Movant Weatherly be overruled.

Respectfully submitted,

*/s/ D. Bruce Orwin*
D. BRUCE ORWIN
P.O. Box 716
Somerset, KY 42502-0716
606-678-4386
*Counsel for Hunter Blane Martin
and Maria Jayme-Martin*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an original was electronically filed with the Court and copies of the foregoing were electronically mailed to Hon. Aaron Hostettler and to Trustee, James Westenhoefer on this the 12th day of September 2018.

*/s/ D. Bruce Orwin*
D. BRUCE ORWIN
P.O. Box 716
Somerset, KY 42502-0716
606-678-4386
*Counsel for Hunter Blane Martin and Maria Jayme-Martin*