UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
London Division

IN RE: Hunter Blane Martin
      Marie Jayme-Martin                    Case No. 18-60270
      Debtors

**REPLY TO BOTH THE MOTION TO
ALTER, AMDEND OR VACATE
AND MOTION OF AARON HOSTETTLER
TO WITHDRAW AS COUNSEL**

Come now the Debtors, Hunter Blane Martin and Maria Lelita Jayme Martin, and for their reply to the Motion to Alter, Amend or Vacate, filed by the judgment creditor, Heidi Weatherly state as follows:

The Debtors, Hunter Blane Martin and Maria Lelita Jayme-Martin filed for relief under Chapter 7 of the United States Bankruptcy Code on the 8th day of March 2018. On the 6th day of July 2018, the Judgment Creditor and Movant herein, filed a Motion to Dismiss for Cause and Bad Faith [ECF No 32] After an evidentiary hearing held on the 26th day of September 2018, the Court issued a Memorandum Opinion [ECF 68] on November 21, 2018, denying Heidi Weatherly's motion to dismiss the Debtors petition for bad faith. On November 29, 2018, Heidi Weatherly filed a motion to Alter, Amend or Vacate the Court's Memorandum Opinion. For reasons set forth herein, the Debtors pray that the Motion to Alter, Amend or Vacate be OVERRULED.

Although the Federal Rules of Bankruptcy Procedure do not contemplate a motion to reconsider, courts treat such motions as the motion to alter or amend judgment under Rule 9023. *See, e.g., Markowitz v. Campbell (In re Markowitz),* 190 F.3d 455, 460 (6th Cir.1999). Rule 9023 fully incorporates its civil counterpart, Federal Rule of Civil Procedure 59,

with one difference: Except as provided in this rule and Rule 3008, [Federal Rule of Civil Procedure 59] applies in cases under the Code. *Haney v. Educ. Credit Mgmt. Corp.*, No. CIV. 12-08-ART, 2012 WL 3683533, (E.D. Ky. Aug. 27, 2012).

Under the applicable rule, this Court may only consider relief from an Order for any of the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59; fraud (intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party; 94) the judgment is void;(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or cancelled or apply it prospectively is no long equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. (60b); see also, Fed R. Bank. P. 9024. In explaining the movants burden, other courts have stated that a motion for reconsideration should be based on one of three grounds: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear and manifest injustice. See, In re Envirocon Int'l Corp, 218 BR at 979 (citing Kern-Tulare Water District v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986). However, the bankruptcy court will not reconsider an order or judgment when the motion for reconsideration fails to raise new issues. See Gov't Personnel Servs., v. Gov't Personal Mutual Life Insurance CO., 759 F. Supp 792 (MD Fla. 1991).

A review of the motion to alter, amend or vacate of the movant simply attempts to reargue the case. The motion contains no citations to law or to the record of the hearing. The movant fails to cite any change in controlling law; any new evidence or the need to correct clear and manifest injustice. Envirocon*, supra*. All matters now raised by the movant, are nothing but re-arguments

of matters known to the movant at the evidentiary hearing held on the 26th day of September 2018. The movants now seek a "second bite of the apple" which the applicable law will not allow.

On January 28, 2019, the undersigned received a motion from counsel for the movant that he be allowed to withdraw from representation of the movant citing "irreconcilable differences" with his client. Although, the Martins have no objection to the proposed withdrawal, the Martins do object to any further delays by the Movant, which will once again delay their discharge. As stated above, the Martins filed for chapter 7 relief on March 8th 2018. The 341 hearing was held on April 26th 2018, the evidentiary hearing on the motion to dismiss for cause and for bad faith was held on September 26th 2018. As of the date of this response, January 29th 2019 the Martins have now been in Chapter 7 bankruptcy for 327 days.

THEREFORE, the undersigned respectfully requests that the Court find, based upon the pleadings previously filed herein, that the motion to alter, amend or vacate of the Movant be OVERRULED;

Further, that Aaron Hostettler be allowed to withdraw as counsel of record for Movant.

Respectfully submitted,

*/s/ D. Bruce Orwin*
D. BRUCE ORWIN
*Counsel for Hunter Blane Martin*
*and Maria Jayme-Martin*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an original of this document was electronically filed with the Court and copies of the foregoing were electronically mailed to Hon. Aaron Hostettler and Trustee, James Westenhoefer and mailed, postage pre-paid to Heidi Weatherly, PO Box 1094, London, Kentucky 40473 on this the 29th day of January 2019.

>*/s/ D. Bruce Orwin*
> D. BRUCE ORWIN
> P.O. Box 716
> Somerset, KY 42502-0716
> 606-678-4386
> *Counsel for Hunter Blane Martin*
> *and Maria Jayme-Martin*