## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### LONDON DIVISION

IN RE

HUNTER BLANE MARTIN                                    CASE NO. 18-60270
MARIA LELITA JAYME-MARTIN                                     CHAPTER 7

DEBTORS

### ORDER DENYING MOTION TO ALTER, AMEND, OR VACATE

This matter is before the Court on Creditor Heidi Weatherly's Motion to Alter, Amend,

or Vacate [ECF No. 69 (the "Motion")].  Creditor asks the Court to reconsider its Memorandum

Opinion and Order [ECF No. 68 (the "Opinion")] denying Creditor's Motion to Dismiss for

Cause and for Bad Faith [ECF No. 32].[1]  Debtors filed a Reply [ECF No. 72].  The Court held a

hearing on February 14, 2019, and took the matter under submission.

Creditor seeks reconsideration under Federal Rule of Civil Procedure 59, made applicable

herein by Federal Rule of Bankruptcy Procedure 9023.[2]  Civil Rule 59(e) contemplates the filing

of a motion to alter or amend a judgment.  Although the rule does not include a standard for

reviewing such a motion, the Sixth Circuit Bankruptcy Appellate Panel provided guidance:

> The grant or denial of a Rule 59(e) motion is within the informed discretion of the
> court. *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982).
> Moreover, such a motion is an "extraordinary remedy and should be granted
> sparingly because of the interests in finality and conservation of scarce judicial
> resources." *American Textile Mfrs. Institute, Inc. v. Limited, Inc.,* 179 F.R.D. 541,
> 547 (S.D. Ohio 1998).  A court may reconsider a previous judgment: (1) to
> accommodate an intervening change in controlling law; (2) to account for newly
> discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest
> injustice. *See GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834
> (6th Cir. 1999).  "A motion under Rule 59(e) is not intended to provide the parties
> an opportunity to relitigate previously-decided matters or present the case under
> new theories.  Rather, such motions are intended to allow for the correction of
> manifest errors of fact or law, or for the presentation of newly-discovered

---

[1] Familiarity with the facts set forth in the Opinion is presumed.
[2] References to the Federal Rules of Civil Procedure appear as Civil Rule ___.

evidence." *In re Nosker,* 267 B.R. 555, 564 (Bankr. S.D. Ohio 2001). "The burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration." *Id.* at 565.

*Hamerly v. Fifth Third Mortgage Co. (In re J & M Salupo Dev. Co.)*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008).

Creditor's Motion does not cite an intervening change in controlling law or any newly discovered evidence, so the Court presumes that she asserts that the Opinion should be altered or amended to correct a clear error of law or prevent manifest injustice. The Sixth Circuit established the controlling standard by which this Court must evaluate a motion to dismiss a chapter 7 bankruptcy case for lack of good faith in *Indus. Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124 (6th Cir. 1991). *Zick* instructs that such a dismissal "should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence." *Id.* at 1129. Creditor's Motion does not address the *Zick* factors individually and, instead, makes general arguments on the following points:

(1)     the Court focused too heavily on circumstances surrounding the underlying state court Agreed Judgment;

(2)     the Court should not have considered Tommie Weatherly's absence at the evidentiary hearing on the Motion;

(3)     the Opinion minimizes Debtors' "perjurious schedules and testimony" that warranted dismissal;

(4)     the Opinion incorrectly emphasizes Debtors' ability to explain inconsistencies and omissions and ignores that it was Creditor's counsel's discovery of the "fraud" that led to Debtors' explanations; and

(5)     the Opinion minimized that Debtors were attempting to pay all creditors other than Heidi Weatherly at the time of their bankruptcy filing.

2

The Opinion addressed each of these issues.  Creditor attempted to prove that Debtors

intended to avoid her debt based on conduct akin to fraud, misconduct, or gross negligence under

*Zick*.  The circumstances under which the Agreed Judgment was signed, and Debtors' treatment

of their obligations thereunder, are relevant to Debtors' intentions regarding Creditor's debt

when they commenced this bankruptcy case.  While the Court mentioned Tommie Weatherly's

absence from the evidentiary hearing in a footnote, the Court did not rely on that fact in reaching

its decision.  The Court simply found it curious that he was untimely added to Creditor's witness

list, later removed, and did not appear at the hearing, considering that he was the topic of much

testimony.  The Opinion discusses the Court's evaluation of Debtors' credibility, as well as its

consideration of Debtors' testimony about their schedules and statements made at their § 341

meeting of creditors and in subsequent affidavits.[3]  The Opinion also analyzes the import of

evidence indicating which creditors Debtors were attempting to pay at the time of their

bankruptcy filing.  Creditor offers no basis for repeating or reconsidering those analyses here.

While the Motion mentions that certain of these issues could constitute general "cause" for

dismissal under § 707(a) in addition to supporting a bad-faith dismissal, Creditor provided no

evidence or argument beyond that evaluated in the Opinion.

Creditor bears the burden of demonstrating a manifest error of fact or law warranting

reconsideration under Civil Rule 59(e), and she failed to satisfy that burden.  The Motion cites no

law other than a general reference to Civil Rule 59 and presents no new arguments.  Instead, as

Debtors argue, "[a]ll matters now raised by the movant[] are nothing but re-arguments of matters

known to the movant at the evidentiary hearing . . . ."  [ECF No. 72, pp. 2-3.]  Civil Rule 59(e)

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

3

does not permit re-litigation of matters previously decided, and Creditor is not entitled to the

relief she requests.

Based on the foregoing, it is hereby ORDERED that Creditor's Motion to Alter, Amend,

or Vacate is DENIED.

4

_____

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Thursday, March 7, 2019**
**(tnw)**